NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230130-U

NO. 4-23-0130

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 26, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| BRIAN K. WILSON, | ) | No. 21CF130 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer Hartmann Bauknecht, |
| | ) | Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Turner and Justice Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held:* The appellate court affirmed defendant's convictions for (1) traveling to meet a
child and (2) indecent solicitation of a child.

¶ 2    In June 2021, defendant, Brian K. Wilson, was charged with one count each of

(1) traveling to a meet a child (720 ILCS 5/11-26(a) (West 2020)), (2) indecent solicitation of a

child (*id.* § 11-6(a)), and (3) possession of cocaine (720 ILCS 570/402(c) (West 2020)). In

December 2021, the State also charged defendant with possession with intent to deliver cocaine

(*id.* § 401(d)).

¶ 3    In May 2022, the trial court conducted a bench trial, at the conclusion of which it

found defendant guilty on all counts. In February 2023, the court sentenced defendant to 14

consecutive weekends in jail and 24 months of probation.

¶ 4    Defendant appeals, arguing that the State failed to prove beyond a reasonable

doubt that he committed the offenses of (1) traveling to a meet a child and (2) indecent

solicitation of a child because the State did not prove that he believed the minor was 16 years old. We disagree and affirm.

¶ 5                                    I. BACKGROUND

¶ 6                        A. The Charges and Preliminary Hearing

¶ 7            In June 2021, defendant was charged with one count each of (1) traveling to meet a child, (2) indecent solicitation of a child, and (3) possession of cocaine. The State alleged, generally, that on June 2, 2021, defendant, being 40 years old, (1) solicited online a person whom he believed to be a 16-year-old girl to commit an act of sexual conduct or penetration and (2) traveled to meet her for that purpose.

¶ 8            In December 2021, the State amended the information to additionally charge defendant with possession with intent to deliver cocaine (*id.*).

¶ 9                                B. The Bench Trial

¶ 10           In May 2022, the trial court conducted defendant's bench trial.

¶ 11                                1. *Tyler Rafferty*

¶ 12           Detective Tyler Rafferty testified that he was employed by the Fairbury Police Department and also worked with the Livingston County Proactive Unit. As part of his duties with that unit, he created and operated a Facebook page for a fictitious 16-year-old female persona known as "Britt May." During the end of May 2021, defendant initiated a conversation with "Britt" using Facebook Messenger, a mobile phone and computer application that allows Facebook users to exchange messages. The conversation started off with innocuous greetings but later became more explicit. Rafferty described the conversation as follows:

        "There [were] comments about engaging in sexual relations. There's

        comments inquiring on the age of both parties in the conversation where it was

stated that the Britt May Facebook page was 16 years of age. The conversations continued in reference to are you really 16 or wanting to confirm if she was really 16. It was confirmed."

¶ 13 Defendant also sent "Britt" a photo of his penis, along with other sexually explicit photos. He also inquired if "Britt" used crack or cocaine, and "Britt" said she did. Defendant suggested that the pair might do "lines [of cocaine] off body parts" together. Rafferty captured screenshots of the conversation with defendant on Facebook Messenger, which were admitted into evidence.

¶ 14 Using "Britt's" Facebook page, Rafferty arranged for defendant to meet "Britt" on June 2, 2021, at a supermarket parking lot in Fairbury. On June 2, prior to the appointed time (the exact time is unclear from the testimony), Rafferty positioned himself in the parking lot to see if defendant would arrive as arranged. Rafferty observed a sport utility vehicle being driven by a woman with defendant in the front passenger seat. Following a traffic stop, defendant was taken into custody and searched. A pipe and a bag of white powder were found in his back pocket. (At trial, the parties stipulated that a forensic scientist examined the white powder and identified it as cocaine.)

¶ 15 That same day, Rafferty interviewed defendant, a recording of which was played for the trial court. During the interview, defendant admitted that he had arranged to meet with "Britt" but asserted that he did not believe she was 16 years old.

¶ 16 The following images are of the screenshots that the State presented to the trial court regarding "Britt" telling defendant she was 16 years old; defendant's messages are on the

left side of the image and "Britt's" messages are on the right side.



¶ 17        On cross-examination, Rafferty acknowledged that when "Britt" revealed that she was 16 years old to defendant, he made comments that he doubted whether she was really only 16 years old. Referring to the screenshots Rafferty had captured of that exchange, defense counsel questioned Rafferty whether the responses "Britt" had made regarding her age "lin[ed] up" to the questions and responses defendant made. Rafferty stated that they did.

¶ 18    When asked to which question from defendant "Britt" replied "No," Rafferty said, "The way I look at it ['Britt'] answered when he said you are older, ['Britt'] said no." Rafferty also acknowledged that "Britt's" Facebook profile provided that she was in high school, was 16 years old, and had worked at a local factory since 2015.

¶ 19                                2. *Defendant*

¶ 20    Defendant testified that "Britt's" Facebook profile appeared on his Facebook page as a suggestion for someone he might know, so he thought "Britt" was perhaps an acquaintance of his sisters or other friends. (We note that Facebook automatically provides a function— namely, "People You May Know"—that displays links to other users' profiles based on various criteria.) He also stated that when he looked at "Britt's" profile, he saw a photo of her in a graduation outfit and a reference to her being employed at a factory.

¶ 21    Defendant stated that he reached out to "Britt" using Facebook Messenger and asked how old she was. Defendant testified:

> "She said [she was] 16 at the beginning [of the conversation]; and that's when I said I can't talk; and that's when I went back and looked at all the stuff again; and I started asking no, are you really 16; and she laughed. Didn't answer. And then another time I said are you really 16, and they [*sic*] said no."

He kept messaging her because he believed she "was someone above 18." Defendant testified that, when he went to meet "Britt" on June 2, 2021, he believed "she was in the early 20's."

¶ 22    Following closing arguments, the trial court continued the case to August 2022 so it could review the trial evidence before issuing an oral ruling.

¶ 23            C. The Trial Court's Decision and Posttrial Proceedings

¶ 24    In August 2022, the trial found issued an oral ruling finding defendant guilty on

all counts. The trial court explained that defendant had "more or less conceded Counts 3 and 4, possession of a controlled substance." Regarding the other counts, the court stated as follows:

"[Defendant] is arguing that he did not believe that the minor was a minor at the time that he traveled to meet with her ***. The evidence that was presented shows that [defendant] was told by this individual that she was 16 years old. [Defendant] kind of tried to double check that and didn't get an answer. So the only thing that the girl here told [defendant] was that she was 16 years old. ***

***

You know, you can't, you can't say, well, this is the internet and I saw this on the internet, therefore I thought this person was over 16. She looked over 16. She had a tattoo, her job history, whatever it is. The only information you had when you traveled to meet with this person besides your common sense was that she told you she was 16, and you went to meet with her to engage in sexual acts knowing that she was 16. I just, I don't see any way around that. I'm looking at the conversations that you had and the conversations with an individual that this person was 16. *** You know, there's no conversations to say hold on a second, what you are telling me isn't adding up with your profile. Probably if you did that you might have heeded your friends' advice and not then gone to meet with this person, but you did knowing that she was 16."

¶ 25    In February 2023, the trial court sentenced defendant to 14 consecutive weekends in jail and 24 months of probation.

¶ 26    This appeal followed.

¶ 27                                   II. ANALYSIS

¶ 28    Defendant appeals, arguing that the State failed to prove beyond a reasonable doubt that he committed the offenses of (1) traveling to a meet a child and (2) indecent solicitation of a child because the State did not prove that he believed "Britt" was 16 years old. We disagree and affirm.

¶ 29            A. The Applicable Law and the Standard of Review

¶ 30                    1. *Sufficiency of the Evidence*

¶ 31    When reviewing a defendant's challenge to the sufficiency of the evidence, after viewing the evidence in the light most favorable to the State, the appellate court must determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *People v. Gray*, 2017 IL 120958, ¶ 35, 91 N.E.3d 876. "It is not the role of the reviewing court to retry the defendant." *Id.* Instead, it is the trier of fact's responsibility "to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts." *Id.* Appellate courts will not reverse a conviction "unless the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *Id.*

¶ 32                    2. *Traveling to Meet a Child*

¶ 33    Section 11-26(a) of the Criminal Code of 2012 (Code) (720 ILCS 5/11-26(a) (West 2020)) provides, in part, that a person commits the offense of traveling to meet a child when:

> "he or she travels any distance *** for the purpose of engaging in any ***
> unlawful sexual conduct with a child or with another person believed by the
> person to be a child after using a computer on-line service, Internet service, local
> bulletin board service, or any other device capable of electronic data storage or

transmission to seduce, solicit, lure, or entice, or to attempt to seduce, solicit, lure, or entice, a child *** or another person believed by the person to be a child ***, for such purpose. As used in this Section, 'child' means a person under 17 years of age."

¶ 34                    3. *Indecent Solicitation of a Child*

¶ 35        Section 11-6(a) of the Code (*id.* § 11-6(a)) provides, in part, that a person commits the offense of indecent solicitation of a child when:

"the person, with the intent that the offense of aggravated criminal sexual assault, criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse be committed, knowingly solicits a child or one whom he or she believes to be a child to perform an act of sexual penetration or sexual conduct as defined in Section 11-0.1 of this Code."

¶ 36                         B. This Case

¶ 37        Defendant argues that the State did not prove beyond a reasonable doubt that he believed "Britt" was 16 years old at the time of the offenses. Specifically, defendant contends that (1) the screenshot evidence of the Facebook messages was not credible evidence because it "spliced together separate exchanges and could not have been a complete or accurate depiction of the conversation regarding ["Britt's"] age" and (2) his assertions that he believed "Britt" was an adult were "amply supported by the information the police chose to include on ["Britt's"] public profile." We disagree.

¶ 38        First, despite any alleged incompleteness of the screenshot evidence, the screenshots clearly show one of the most important aspects of this case—namely, that when defendant asked "Britt" how old she was, she responded "16" with an emoji, and defendant

- 8 -

acknowledged her response, writing, "O shit sorry." Importantly, no evidence exists in the record demonstrating that defendant was ever told that "Britt" was anything other than 16 years old.

¶ 39    Second, although defendant insists that the alleged discrepancies he noticed between "Britt's" Facebook profile and her purported age—namely, a photograph of her wearing graduation garb and claiming to work at a factory—demonstrated his belief that she was older than 16 years of age, the trial court considered that evidence and found it unpersuasive in light of the evidence that "Britt" told defendant directly that she was 16 years old. As the court explained, "[T]here may be other information attached to that profile that could be inconsistent with this person, this child being under 16 or 16 years of age, but the only evidence that [defendant] had in front of him was that this was a 16-year-old girl."

¶ 40    Ultimately, the evidence is not "so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *Gray*, 2017 IL 120958, ¶ 35. Accordingly, after viewing the evidence in the light most favorable to the State, we conclude the evidence was sufficient to prove beyond a reasonable doubt that defendant believed "Britt" was 16 years old when he solicited her and traveled to meet her.

¶ 41                              III. CONCLUSION

¶ 42    For the reasons stated, we affirm defendant's convictions.

¶ 43    Affirmed.